UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **HUBERT LEE SEOW,** | ) ) ) |
| Petitioner, | ) ) |
| v. | ) C.A. No. 10-cv-40174-TSH ) |
| **JEFFREY GRONDOLSKY,** | ) ) ) |
| Respondent. | ) ) |

## ORDER RE: PETITIONER'S WRIT OF HABEAS CORPUS PETITION
### November 2, 2012

**HILLMAN, J.**

### Introduction

On September 7, 2010, Hubert Lee Seow ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket No. 1). Jeffrey Grondolsky, Warden of Federal Medical Center, Devens ("Respondent"), responded averring an affirmative defense under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction (Docket No. 8). For the following reasons, the Petition is **DISMISSED** for lack of subject-matter jurisdiction.

### Statement of Facts

Petitioner is a Jamaican national who immigrated to the United States in the early 1970s. After being convicted of various offenses, an Immigration Judge ruled against the Petitioner and filed an Order of Removal in late 1993. Following those judicial proceedings and his subsequent deportation, Petitioner illegally reentered the United States. In 2010, Immigration and Customs

Enforcement arrested the Petitioner and notified him that the prior Order of Removal would be immediately reinstated.

## **Legal Standard**

Subject-matter jurisdiction is the grant of authority upon which courts may decide a case "one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538, 94 S. Ct. 1372 (1974); *see also* Restatement (Second) of Judgments § 11 (1980). Stated from the parties' perspectives, subject-matter jurisdiction "can be conceptualized as conferring a personal right on the parties to have [this] action, . . . , adjudicated in [this] judicial forum." *McCarthy v. Azure*, 22 F.3d 351, 355 (1st Cir. 1994). The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Rodgers v. Callaway Golf Operations, Inc.*, 796 F. Supp. 2d 232, 237 (D. Mass. May 10, 2011). Courts may determine subject-matter jurisdiction either at a party's behest or on their own accord. *See* Fed. R. Civ. P. 12(b)(1); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.") (emphasis added); *Bonas v. Town of N. Smithfield*, 265 F.3d 69, 73 (1st Cir. 2001) ("[W]e subject the plaintiffs' choice of a federal forum to careful scrutiny."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Courts are permitted to look at facts outside of the pleadings in order to make a jurisdictional determination under 12(b)(1). *See Hernandez-Santiago v. Ecolab, Inc.*, 397 F.3d 30, 33 (1st Cir. 2005).

In resolving a 12(b)(1) motion to dismiss, courts must first determine whether the proposed dismissal is a "facial or factual challenge" to the asserted claims contained in the complaint. *Torres-Negron v. J&N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007). Under a facial challenge, "the court must consider all the allegations in the complaint as true, and will not

look beyond the face of the complaint to determine jurisdiction." *Arocho v. United States*, 455 F. Supp. 2d 15, 18 (D.P.R. Sept. 15, 2006). Under a factual challenge, the "court . . . weighs the evidence [and] has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* Dismissal is appropriate where a "district court lacks the *statutory* or constitutional power to adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (emphasis added).

## Discussion

Plainly, Petitioner cannot seek redress in this Court. Petitioner alleges that: (1) he is a United States citizen; (2) his due process rights were violated during his deportation proceedings in 1993; and (3) members of his family are United States citizens and he is applying for citizenship (Docket No. 1). Here, Respondent facially challenges the Petition under the legal framework set forth in the Immigration and Nationality Act of 1965 ("INA"), 8 U.S.C. §§ 1252(a)(5), b(2) (2005). The INA grants exclusive jurisdiction of petitions for review of removal proceedings in the "court of appeals for the judicial circuit in which the immigration judge completed the proceedings." *Id.* § 1252(b)(2). This Court finds that Petitioner's habeas corpus petition is tantamount to reviving the previously adjudicated removal proceedings from 1993. Because this Court lacks the express statutory grant to adjudicate Petitioner's claims, Petitioner has failed to prove subject-matter jurisdiction over this matter. Accordingly, this Court must dismiss for lack of subject-matter jurisdiction over Petitioner's claims.

## Conclusion

For the reasons set forth above, Petitioner's Petition (Docket. No. 1) is **DISMISSED**.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**